### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION-CLEVELAND

| | |
|---|---|
| Dana Gollner,<br><br><div align=right>Plaintiff,</div><br><br><br><br>    -v.-<br><br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc.,<br>Ally Financial, Inc.,<br>Harley-Davidson Financial Services, Inc.,<br><br><div align=right>Defendant(s).</div> | Civil Action No:<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff Dana Gollner ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Ally Financial, Inc. ("Ally"), and Defendant Harley-Davidson Financial Services, Inc. ("Harley"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4. Plaintiff is a resident of the State of Ohio, County of Cuyahoga, residing at 308 East 289th Street, Euclid, OH 44132.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered, and may be served with process upon the Corporation Trust Company, located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Ohio, and may be served with process upon the Corporation Service Company, located at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

10. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Ally Financial Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in the State of Ohio, c/o CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

13. Defendant Harley-Davidson Financial Services, Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

## **FACTUAL ALLEGATIONS**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Ally Account Dispute and Violation

15. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to her Ally account, (account 628920XXX).

16. The inaccurate information furnished by Defendant Ally and published by the Defendant Experian is inaccurate since the account contains an incorrect date of status.

17. Specifically, the tradeline lists the date of status as September 2020. In point of fact, no activity had occurred on this account since November 2014, which would allow for the date of status to be updated. As such, there was no reason for the date of status to have been updated nearly six years after no reported activity on the account.

18. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

19. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change.

20. Defendant Experian improperly updated the activity status date, which improperly made the account appear as a more current liability, and thereby directly lowering the Plaintiff's credit score.

21. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

22. Plaintiff notified Experian that she disputed the accuracy of the information Experian was reporting on or around September 25, 2020, specifically stating that she was disputing the

reporting of the Ally tradeline and requested that the derogatory information be properly updated or deleted.

23. It is believed and therefore averred that Defendant Experian notified Defendant Ally of the Plaintiff's dispute.

24. Upon receipt of the dispute of the account from Experian, Ally failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

25. Had Ally done a reasonable investigation, it would have discovered that date of status had been improperly accelerated.

26. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

27. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

28. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have discovered that the date of status was improperly updated.

29. As of the date of the filing of this Complaint, Defendant Ally continues to furnish credit data which is inaccurate and materially misleading, and Experian's reporting of the above-referenced trade line continue to be inaccurate and materially misleading.

30. As a result of the conduct, action and inaction of the Defendants, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of potential credit denials.

<p style="text-align:center"><u>Harley Account Dispute and Violation</u></p>

31. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to her Harley account, (account 2011051745XXXX).

32. The inaccurate information furnished by Defendant Harley and published by Equifax is inaccurate since the account contains an incorrect payment status.

33. The Plaintiff had previously paid and closed this account.

34. Despite this, Harley continues to report a current account status of over "31-60 days past due".

35. The pay status is of significance. Listing a debt with a $0 balance owed, as 31-60 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance.  By continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

36. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

37. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting on or around September 25, 2020, specifically stating that she was disputing the reporting of the Harley tradeline and requested that the derogatory information be properly updated or deleted.

38. It is believed and therefore averred that Defendant Equifax notified Defendant Harley of the Plaintiff's dispute.

39. Upon receipt of the dispute of the account from Equifax, Harley failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

40. Had Harley done a proper investigation, it would have been revealed to Harley that the payment status was being inaccurately reported.

41. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

43. Had Equifax done a reasonable investigation of the Plaintiff's dispute, it would have discovered that the payment status was improperly reported as past due.

44. As of the date of the filing of this Complaint, Defendant Harley continues to furnish credit data which is inaccurate and materially misleading, and Equifax's reporting of the above-referenced trade line continue to be inaccurate and materially misleading.

45. As a result of the conduct, action and inaction of the Defendants, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of potential credit denials.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

47. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

48. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

49. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

50. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

51. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

55. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

56. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

57. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase One and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

58. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

59. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **THIRD CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Equifax)**

60. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

62. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

63. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

64. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

66. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Equifax)**

67. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

69. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

70. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

71. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **FIFTH CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to Ally)**

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

76. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

77. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

78. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

79. The Defendant Ally violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

80. Specifically, the Defendant Ally continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

81. Had Ally done a reasonable investigation of the Plaintiff's dispute, it would have discovered that date of status had been improperly accelerated.

82. As a result of the conduct, action and inaction of the Defendant Ally, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

83. The conduct, action and inaction of Defendant Ally was willful, rendering Defendant Ally liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor against Defendant, Ally, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **SIXTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Ally)**

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

86. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

87. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

88. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

89. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

90. Defendant Ally is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

91. After receiving the Dispute Notice from the Experian, Defendant Ally negligently failed to conduct its reinvestigation in good faith.

92. A reasonable investigation would require a furnisher such as Defendant Ally to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

93. Had Ally done a reasonable investigation of the Plaintiff's dispute, it would have discovered that date of status had been improperly accelerated.

94. The conduct, action and inaction of Defendant Ally was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

95. As a result of the conduct, action and inaction of the Defendant Ally, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

96. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor against Defendant, Ally, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Harley)

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

98. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

99. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

100. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

101. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

102.    The Defendant Harley violated 15 U.S.C. § 1681s-2(a) by the publishing of the

Account Liability Representation; by failing to fully and improperly investigate the

dispute of the Plaintiff with respect to the Account Liability Representation; by failing to

review all relevant information regarding same by failing to correctly report results of an

accurate investigation to the credit reporting agencies.

103.    Specifically, the Defendant Harley continued to report this account on the

Plaintiff's credit report after being notified of her dispute regarding the inaccurate and

materially misleading account information.

104.    Had Harley done a proper investigation, it would have been revealed to Harley

that the payment status was being inaccurately reported.

105.    As a result of the conduct, action and inaction of the Defendant Harley, the

Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit

from credit, and the mental and emotional pain, anguish, humiliation and embarrassment

of credit denials.

106.    The conduct, action and inaction of Defendant Harley was willful, rendering

Defendant Harley liable for actual, statutory and punitive damages in an amount to be

determined by a jury pursuant to 15 U.S.C. § 1681n.

107.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from

Defendant Harley in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor

against Defendant, Harley, for damages together with attorney's fees and court costs pursuant

to 15 U.S.C. § 1681o.

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Harley)

108.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

109.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

110.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

111.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

112.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

113.     Defendant Harley is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

114.     After receiving the Dispute Notice from the Equifax, Defendant Harley negligently failed to conduct its reinvestigation in good faith.

115.     A reasonable investigation would require a furnisher such as Defendant Harley to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

116.     Had Harley done a proper investigation, it would have been revealed to Harley that the payment status was being inaccurately reported.

117.     The conduct, action and inaction of Defendant Harley was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

118.     As a result of the conduct, action and inaction of the Defendant Harley, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

119.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Harley in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Dana Gollner, an individual, demands judgment in her favor against Defendant, Harley, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

120.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Dana Gollner, demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  February 24, 2021                  Respectfully Submitted,

/s/ Amichai E. Zukowsky
Amichai E. Zukowsky, Esq.
Zukowsky Law, LLC
23811 Chagrin Blvd, Suite 160
Beachwood, OH 44122
Phone: 216.800.5529
Email: ami@zukowskylaw.com
*Attorney for Plaintiff*